'(i) IN GENERAL- Fees awarded under this paragraph shall be based on rates determined by the Governor of the State (or other appropriate State official) in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection.

'(ii) NOTICE- The Governor of the State (or other appropriate State official) shall make available to the public on an annual basis the rates described in clause (i).'.

(j) MAINTENANCE OF CURRENT EDUCATIONAL PLACEMENT- Section 615 of the Individuals with Disabilities Education Act (AMEND20 U.S.C. 1415) is amended--

(1) by redesignating subsection (j) as subsection (i); and

(2) by amending subsection (i) (as redesignated) to read as follows:

'(i) MAINTENANCE OF CURRENT EDUCATIONAL PLACEMENT- Except as provided in subsection (j)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.'.

(k) PLACEMENT IN ALTERNATIVE EDUCATIONAL SETTING- Section 615 of the Individuals with Disabilities Education Act (AMEND20 U.S.C. 1415) is amended--

(1) by redesignating subsection (k) as subsection (j); and

(2) by amending subsection (j) (as redesignated) to read as follows:

'(j) PLACEMENT IN ALTERNATIVE EDUCATIONAL SETTING-

'(1) AUTHORITY OF SCHOOL PERSONNEL-

'(A) IN GENERAL- School personnel under this section may order a change in the placement of a child with a disability who violates a code of student conduct policy to an appropriate interim alternative educational setting, another setting, or suspension, for not more than 10 school days (to the extent such alternatives would be applied to children without disabilities).

'(B) ADDITIONAL AUTHORITY- Subject to subparagraph (C), and notwithstanding any other provision of this Act, school personnel under this section may order a change in the placement of a child with a disability who violates a code of student conduct policy to an appropriate interim alternative educational setting selected so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP, for not more than 45 school days (to the extent such alternative and such duration would be applied to children without disabilities, and which may include consideration of unique circumstances on a case-by-case basis), except that the change in placement may last beyond 45 school days if required by State law or regulation for the violation in question, to ensure the safety and appropriate educational atmosphere in the schools under the jurisdiction of the local educational agency.

'(C) SERVICES- A child with a disability who is removed from the child's current placement under subparagraph (B) shall--

'(i) continue to receive educational services selected so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and

'(ii) continue to receive behavioral intervention services designed to address the behavior violation so that it does not recur.

'(2) DETERMINATION OF SETTING- The alternative educational setting described in paragraph (1)(B) shall be determined by the IEP Team.

'(3) PARENT APPEAL-

'(A) IN GENERAL- If the parent of a child with a disability disagrees with any decision regarding placement or punishment under this section, the parent may request a hearing.

'(B) AUTHORITY OF HEARING OFFICER- If a parent of a child with a disability disagrees with a decision regarding placement of the child or punishment of the child under this section, including duration of the punishment, the hearing officer may determine whether the decision regarding such action was appropriate.

'(4) PLACEMENT DURING APPEALS- When a parent requests a hearing regarding a disciplinary action described in paragraph (1)(B) to challenge the interim alternative educational setting or the violation of the code of student conduct

policy, the child shall remain in the interim alternative educational setting pending the decision of the hearing officer or until the expiration of the time period provided for in paragraph (1)(B), whichever occurs first, unless the parent and the State or local educational agency agree otherwise.

'(5) PROTECTIONS FOR CHILDREN NOT YET ELIGIBLE FOR SPECIAL EDUCATION AND RELATED SERVICES-

'(A) IN GENERAL- A child who has not been determined to be eligible for special education and related services under this part and who has engaged in behavior that violates a code of student conduct policy, may assert any of the protections provided for in this part if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.

'(B) BASIS OF KNOWLEDGE- A local educational agency shall be deemed to have knowledge that a child is a child with a disability if, before the behavior that precipitated the disciplinary action occurred--

'(i) the parent of the child has expressed concern in writing (unless the parent is illiterate or has a disability that prevents compliance with the requirements contained in this clause) to personnel of the appropriate educational agency that the child is in need of special education and related services;

'(ii) the parent of the child has requested an evaluation of the child pursuant to section 614; or

'(iii) the teacher of the child, or other personnel of the local educational agency, has expressed concern in writing about the behavior or performance of the child to the director of special education of such agency or to other personnel of the agency.

'(C) CONDITIONS THAT APPLY IF NO BASIS OF KNOWLEDGE-

'(i) IN GENERAL- If a local educational agency does not have knowledge that a child is a child with a disability (in accordance with subparagraph (B)) prior to taking disciplinary measures against the child, the child may be subjected to disciplinary measures applied to children without disabilities who engaged in comparable behaviors consistent with clause (ii).

'(ii) LIMITATIONS- If a request is made for an evaluation of a child during the time period in which the child is subjected to disciplinary measures under paragraph (1) or (2), the evaluation shall be conducted in an expedited manner. If the child is determined to be a child with a disability, taking into consideration information from the evaluation conducted by the agency and information provided by the parents, the agency shall provide special education and related services in accordance with this part, except that, pending the results of the evaluation, the child shall remain in the educational placement determined by school authorities.

'(6) REFERRAL TO AND ACTION BY LAW ENFORCEMENT AND JUDICIAL AUTHORITIES-

'(A) IN GENERAL- Nothing in this part shall be construed to prohibit an agency from reporting a crime committed by a child with a disability to appropriate authorities or to prevent State law enforcement and judicial authorities from exercising their responsibilities with regard to the application of Federal and State law to crimes committed by a child with a disability.

'(B) TRANSMISSION OF RECORDS- An agency reporting a crime committed by a child with a disability shall ensure that copies of the special education and disciplinary records of the child are transmitted for consideration by the appropriate authorities to whom it reports the crime.'.

(l) RULE OF CONSTRUCTION- Section 615 of the Individuals with Disabilities Education Act (AMEND20 U.S.C. 1415) is amended by redesignating subsection (l) as subsection (k).

(m) TRANSFER OF PARENTAL RIGHTS AT AGE OF MAJORITY- Section 615 of the Individuals with Disabilities Education Act (AMEND20 U.S.C. 1415) is amended--

(1) by redesignating subsection (m) as subsection (l); and

(2) by amending subsection (l) (as redesignated) to read as follows:

'(l) TRANSFER OF PARENTAL RIGHTS AT AGE OF MAJORITY-

'(1) IN GENERAL- A State that receives amounts from a grant under this part may provide that, when a child with a disability reaches the age of majority under State law (except for a child with a disability who has been determined to be incompetent under State law)--

'(A) the public agency shall provide any notice required by this section to both the individual and the parents;

'(B) all other rights accorded to parents under this part transfer to the child;

'(C) the agency shall notify the individual and the parents of the transfer of rights; and

'(j) MAINTENANCE OF CURRENT EDUCATIONAL PLACEMENT- Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

'(k) PLACEMENT IN ALTERNATIVE EDUCATIONAL SETTING-

'(1) AUTHORITY OF SCHOOL PERSONNEL-

'(A) IN GENERAL- School personnel under this section may order a change in the placement of a child with a disability who violates a code of student conduct to an appropriate interim alternative educational setting, another setting, or suspension, for not more than 10 school days (to the extent such alternatives are applied to children without disabilities).

'(B) ADDITIONAL AUTHORITY- If school personnel seek to order a change in placement that would exceed 10 school days and the behavior that gave rise to the violation of the school code is determined not to be a manifestation of the child's disability pursuant to subparagraph (C), the relevant disciplinary procedures applicable to children without disabilities may be applied to the child in the same manner in which the procedures would be applied to children without disabilities, except as provided in section 612(a)(1).

'(C) MANIFESTATION DETERMINATION-

'(i) IN GENERAL- Except as provided in subparagraphs (A) and (D), within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, the IEP Team shall review all relevant information in the student's file, any information provided by the parents, and teacher observations, to determine--

'(I) if the conduct in question was the result of the child's disability; or

'(II) if the conduct in question resulted from the failure to implement the IEP or to implement behavioral interventions as required by section 614(d)(3)(B)(i).

'(ii) MANIFESTATION- If the IEP Team determines that either subclause (I) or (II) of clause (i) is applicable for the child, the conduct shall be determined to be a manifestation of the child's disability.

'(D) SPECIAL CIRCUMSTANCES- In cases where a child--

'(i) carries or possesses a weapon to or at school, on school premises, or to or at a school function under the jurisdiction of a State or local educational agency; or

'(ii) knowingly possesses or uses illegal drugs, or sells or solicits the sale of a controlled substance, while at school or a school function under the jurisdiction of a State or local educational agency; or

'(iii) has committed serious bodily injury upon another person while at school or at a school function under the jurisdiction of a State or local educational agency,

school personnel may remove a student to an interim alternative educational setting for not more than 45 school days, without regard to whether the behavior is determined to be a manifestation of the child's disability.

'(E) NOTIFICATION- Not later than the date on which the decision to take disciplinary action is made, the local educational agency shall notify the parents of that decision, and of all procedural safeguards accorded under this section.

'(F) SERVICES- A child with a disability who is removed from the child's current placement under subparagraph (B) or (D) shall--

'(i) continue to receive educational services pursuant to section 612(a)(1), so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and

'(ii) receive behavioral intervention services as described in section 614(d)(3)(B)(i), and a functional behavioral assessment (but only if the local educational agency did not conduct such an assessment before the violation occurred), designed to address the behavior violation so that the violation does not recur.

'(2) DETERMINATION OF SETTING- The alternative educational setting shall be determined by the IEP Team.

'(3) APPEAL-

'(A) IN GENERAL- The parent of a child with a disability who disagrees with any decision regarding disciplinary action, placement, or the manifestation determination under this subsection, or a local educational agency that believes that

maintaining the current placement of the child is substantially likely to result in injury to the child or to others, may request a hearing.

'(B) AUTHORITY OF HEARING OFFICER-

'(i) IN GENERAL- If a parent of a child with a disability disagrees with a decision as described in subparagraph (A), the hearing officer may determine whether the decision regarding such action was appropriate.

'(ii) CHANGE OF PLACEMENT ORDER- A hearing officer under this section may order a change in placement of a child with a disability to an appropriate interim alternative educational setting for not more than 45 school days if the hearing officer determines that maintaining the current placement of such child is substantially likely to result in injury to the child or to others.

'(4) PLACEMENT DURING APPEALS- When a parent requests a hearing regarding a disciplinary procedure described in paragraph (1)(B) or challenges the interim alternative educational setting or manifestation determination--

'(A) the child shall remain in the interim alternative educational setting pending the decision of the hearing officer or until the expiration of the time period provided for in paragraph (1)(B), whichever occurs first, unless the parent and the State or local educational agency agree otherwise; and

'(B) the State or local educational agency shall arrange for an expedited hearing, which shall occur within 20 school days of the date the hearing is requested.

'(5) PROTECTIONS FOR CHILDREN NOT YET ELIGIBLE FOR SPECIAL EDUCATION AND RELATED SERVICES-

'(A) IN GENERAL- A child who has not been determined to be eligible for special education and related services under this part and who has engaged in behavior that violates a code of student conduct, may assert any of the protections provided for in this part if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.

'(B) BASIS OF KNOWLEDGE- A local educational agency shall be deemed to have knowledge that a child is a child with a disability if, before the behavior that precipitated the disciplinary action occurred--

'(i) the parent of the child has expressed concern in writing (unless the parent is illiterate or has a disability that prevents compliance with the requirements contained in this clause) to personnel of the appropriate educational agency that the child is in need of special education and related services;

'(ii) the parent of the child has requested an evaluation of the child pursuant to section 614;

'(iii) the teacher of the child, or other personnel of the local educational agency, has expressed concern about a pattern of behavior demonstrated by the child, to the director of special education of such agency or to other administrative personnel of the agency; or

'(iv) the child has engaged in a pattern of behavior that should have alerted personnel of the local educational agency that the child may be in need of special education and related services.

'(C) EXCEPTION- A local educational agency shall not be deemed to have knowledge that the child has a disability if the parent of the child has not agreed to allow an evaluation of the child pursuant to section 614.

'(D) CONDITIONS THAT APPLY IF NO BASIS OF KNOWLEDGE-

'(i) IN GENERAL- If a local educational agency does not have knowledge that a child is a child with a disability (in accordance with subparagraph (B) or (C)) prior to taking disciplinary measures against the child, the child may be subjected to disciplinary measures applied to children without disabilities who engaged in comparable behaviors consistent with clause (ii).

'(ii) LIMITATIONS- If a request is made for an evaluation of a child during the time period in which the child is subjected to disciplinary measures under paragraph (1), the evaluation shall be conducted in an expedited manner. If the child is determined to be a child with a disability, taking into consideration information from the evaluation conducted by the agency and information provided by the parents, the agency shall provide special education and related services in accordance with this part, except that, pending the results of the evaluation, the child shall remain in the educational placement determined by school authorities.

'(6) REFERRAL TO AND ACTION BY LAW ENFORCEMENT AND JUDICIAL AUTHORITIES-

'(A) CONSTRUCTION- Nothing in this part shall be construed to prohibit an agency from reporting a crime committed by a child with a disability to appropriate authorities or to prevent State law enforcement and judicial authorities from

Case 2:24-cv-00436-LEW   Document 1-1   Filed 12/17/24   Page 5 of 13   PageID #: 15

1997 IDEA
INDIVIDUALS WITH DISABILITIES EDUCATION ACT..., PL 105–17, June 4,...

"(A) IN GENERAL.—The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy.

"(B) AWARD OF ATTORNEYS' FEES.—In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

"(C) DETERMINATION OF AMOUNT OF ATTORNEYS' FEES.—Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection.

"(D) PROHIBITION OF ATTORNEYS' FEES AND RELATED COSTS FOR CERTAIN SERVICES.—

"(i) Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—

"(I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

"(II) the offer is not accepted within 10 days; and

"(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

"(ii) Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) that is conducted prior to the filing of a complaint under subsection (b)(6) or (k) of this section.

"(E) EXCEPTION TO PROHIBITION ON ATTORNEYS' FEES AND RELATED COSTS.—Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

"(F) REDUCTION IN AMOUNT OF ATTORNEYS' FEES.—Except as provided in subparagraph (G), whenever the court finds that—

"(i) the parent, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

"(ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;

"(iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

"(iv) the attorney representing the parent did not provide to the school district the appropriate information in the due process complaint in accordance with subsection (b)(7);

the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

"(G) EXCEPTION TO REDUCTION IN AMOUNT OF ATTORNEYS' FEES.—The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section.

"(j) MAINTENANCE OF CURRENT EDUCATIONAL PLACEMENT.—Except as provided in subsection (k)(7), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

"(k) PLACEMENT IN ALTERNATIVE EDUCATIONAL SETTING.—

"(1) AUTHORITY OF SCHOOL PERSONNEL.—

"(A) School personnel under this section may order a change in the placement of a child with a disability—

"(i) to an appropriate interim alternative educational setting, another setting, or suspension, for not more than 10 school days (to the extent such alternatives would be applied to children without disabilities); and

Case 2:24-cv-00436-LEW   Document 1-1   Filed 12/17/24   Page 6 of 13   PageID #: 16

INDIVIDUALS WITH DISABILITIES EDUCATION ACT..., PL 105–17, June 4,...

"(ii) to an appropriate interim alternative educational setting for the same amount of time that a child without a disability would be subject to discipline, but for not more than 45 days if—

"(I) the child carries a weapon to school or to a school function under the jurisdiction of a State or a local educational agency; or

"(II) the child knowingly possesses or uses illegal drugs or sells or solicits the sale of a controlled substance while at school or a school function under the jurisdiction of a State or local educational agency.

"(B) Either before or not later than 10 days after taking a disciplinary action described in subparagraph (A)—

"(i) if the local educational agency did not conduct a functional behavioral assessment and implement a behavioral intervention plan for such child before the behavior that resulted in the suspension described in subparagraph (A), the agency shall convene an IEP meeting to develop an assessment plan to address that behavior; or

"(ii) if the child already has a behavioral intervention plan, the IEP Team shall review the plan and modify it, as necessary, to address the behavior.

"(2) AUTHORITY OF HEARING OFFICER.—A hearing officer under this section may order a change in the placement of a child with a disability to an appropriate interim alternative educational setting for not more than 45 days if the hearing officer—

"(A) determines that the public agency has demonstrated by substantial evidence that maintaining the current placement of such child is substantially likely to result in injury to the child or to others;

"(B) considers the appropriateness of the child's current placement;

"(C) considers whether the public agency has made reasonable efforts to minimize the risk of harm in the child's current placement, including the use of supplementary aids and services; and

"(D) determines that the interim alternative educational setting meets the requirements of paragraph (3)(B).

"(3) DETERMINATION OF SETTING.—

"(A) IN GENERAL.—The alternative educational setting described in paragraph (1)(A)(ii) shall be determined by the IEP Team.

"(B) ADDITIONAL REQUIREMENTS.—Any interim alternative educational setting in which a child is placed under paragraph (1) or (2) shall—

"(i) be selected so as to enable the child to continue to participate in the general curriculum, although in another setting, and to continue to receive those services and modifications, including those described in the child's current IEP, that will enable the child to meet the goals set out in that IEP; and

"(ii) include services and modifications designed to address the behavior described in paragraph (1) or paragraph (2) so that it does not recur.

"(4) MANIFESTATION DETERMINATION REVIEW.—

"(A) IN GENERAL.—If a disciplinary action is contemplated as described in paragraph (1) or paragraph (2) for a behavior of a child with a disability described in either of those paragraphs, or if a disciplinary action involving a change of placement for more than 10 days is contemplated for a child with a disability who has engaged in other behavior that violated any rule or code of conduct of the local educational agency that applies to all children—

"(i) not later than the date on which the decision to take that action is made, the parents shall be notified of that decision and of all procedural safeguards accorded under this section; and

"(ii) immediately, if possible, but in no case later than 10 school days after the date on which the decision to take that action is made, a review shall be conducted of the relationship between the child's disability and the behavior subject to the disciplinary action.

"(B) INDIVIDUALS TO CARRY OUT REVIEW.—A review described in subparagraph (A) shall be conducted by the IEP Team and other qualified personnel.

"(C) CONDUCT OF REVIEW.—In carrying out a review described in subparagraph (A), the IEP Team may determine that the behavior of the child was not a manifestation of such child's disability only if the IEP Team—

"(i) first considers, in terms of the behavior subject to disciplinary action, all relevant information, including—

Case 2:24-cv-00436-LEW   Document 1-1   Filed 12/17/24   Page 7 of 13   PageID #: 17

INDIVIDUALS WITH DISABILITIES EDUCATION ACT..., PL 105–17, June 4,...

"(I) evaluation and diagnostic results, including such results or other relevant information supplied by the parents of the child;

"(II) observations of the child; and

"(III) the child's IEP and placement; and

"(ii) then determines that—

"(I) in relationship to the behavior subject to disciplinary action, the child's IEP and placement were appropriate and the special education services, supplementary aids and services, and behavior intervention strategies were provided consistent with the child's IEP and placement;

"(II) the child's disability did not impair the ability of the child to understand the impact and consequences of the behavior subject to disciplinary action; and

"(III) the child's disability did not impair the ability of the child to control the behavior subject to disciplinary action.

"(5) DETERMINATION THAT BEHAVIOR WAS NOT MANIFESTATION OF DISABILITY.—

"(A) IN GENERAL.—If the result of the review described in paragraph (4) is a determination, consistent with paragraph (4)(C), that the behavior of the child with a disability was not a manifestation of the child's disability, the relevant disciplinary procedures applicable to children without disabilities may be applied to the child in the same manner in which they would be applied to children without disabilities, except as provided in section 612(a)(1).

"(B) ADDITIONAL REQUIREMENT.—If the public agency initiates disciplinary procedures applicable to all children, the agency shall ensure that the special education and disciplinary records of the child with a disability are transmitted for consideration by the person or persons making the final determination regarding the disciplinary action.

"(6) PARENT APPEAL.—

"(A) IN GENERAL.—

"(i) If the child's parent disagrees with a determination that the child's behavior was not a manifestation of the child's disability or with any decision regarding placement, the parent may request a hearing.

"(ii) The State or local educational agency shall arrange for an expedited hearing in any case described in this subsection when requested by a parent.

"(B) REVIEW OF DECISION.—

"(i) In reviewing a decision with respect to the manifestation determination, the hearing officer shall determine whether the public agency has demonstrated that the child's behavior was not a manifestation of such child's disability consistent with the requirements of paragraph (4)(C).

"(ii) In reviewing a decision under paragraph (1)(A)(ii) to place the child in an interim alternative educational setting, the hearing officer shall apply the standards set out in paragraph (2).

"(7) PLACEMENT DURING APPEALS.—

"(A) IN GENERAL.—When a parent requests a hearing regarding a disciplinary action described in paragraph (1)(A)(ii) or paragraph (2) to challenge the interim alternative educational setting or the manifestation determination, the child shall remain in the interim alternative educational setting pending the decision of the hearing officer or until the expiration of the time period provided for in paragraph (1)(A)(ii) or paragraph (2), whichever occurs first, unless the parent and the State or local educational agency agree otherwise.

"(B) CURRENT PLACEMENT.—If a child is placed in an interim alternative educational setting pursuant to paragraph (1)(A)(ii) or paragraph (2) and school personnel propose to change the child's placement after expiration of the interim alternative placement, during the pendency of any proceeding to challenge the proposed change in placement, the child shall remain in the current placement (the child's placement prior to the interim alternative educational setting), except as provided in subparagraph (C).

"(C) EXPEDITED HEARING.—

"(i) If school personnel maintain that it is dangerous for the child to be in the current placement (placement prior to removal to the interim alternative education setting) during the pendency of the due process proceedings, the local educational agency may request an expedited hearing.

Case 2:24-cv-00436-LEW   Document 1-1   Filed 12/17/24   Page 8 of 13   PageID #: 18

INDIVIDUALS WITH DISABILITIES EDUCATION ACT..., PL 105–17, June 4,...

"(ii) In determining whether the child may be placed in the alternative educational setting or in another appropriate placement ordered by the hearing officer, the hearing officer shall apply the standards set out in paragraph (2).

"(8) PROTECTIONS FOR CHILDREN NOT YET ELIGIBLE FOR SPECIAL EDUCATION AND RELATED SERVICES.—

"(A) IN GENERAL.—A child who has not been determined to be eligible for special education and related services under this part and who has engaged in behavior that violated any rule or code of conduct of the local educational agency, including any behavior described in paragraph (1), may assert any of the protections provided for in this part if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.

"(B) BASIS OF KNOWLEDGE.—A local educational agency shall be deemed to have knowledge that a child is a child with a disability if—

"(i) the parent of the child has expressed concern in writing (unless the parent is illiterate or has a disability that prevents compliance with the requirements contained in this clause) to personnel of the appropriate educational agency that the child is in need of special education and related services;

"(ii) the behavior or performance of the child demonstrates the need for such services;

"(iii) the parent of the child has requested an evaluation of the child pursuant to section 614; or

"(iv) the teacher of the child, or other personnel of the local educational agency, has expressed concern about the behavior or performance of the child to the director of special education of such agency or to other personnel of the agency.

"(C) CONDITIONS THAT APPLY IF NO BASIS OF KNOWLEDGE.—

"(i) IN GENERAL.—If a local educational agency does not have knowledge that a child is a child with a disability (in accordance with subparagraph (B)) prior to taking disciplinary measures against the child, the child may be subjected to the same disciplinary measures as measures applied to children without disabilities who engaged in comparable behaviors consistent with clause (ii).

"(ii) LIMITATIONS.—If a request is made for an evaluation of a child during the time period in which the child is subjected to disciplinary measures under paragraph (1) or (2), the evaluation shall be conducted in an expedited manner. If the child is determined to be a child with a disability, taking into consideration information from the evaluation conducted by the agency and information provided by the parents, the agency shall provide special education and related services in accordance with the provisions of this part, except that, pending the results of the evaluation, the child shall remain in the educational placement determined by school authorities.

"(9) REFERRAL TO AND ACTION BY LAW ENFORCEMENT AND JUDICIAL AUTHORITIES.—

"(A) Nothing in this part shall be construed to prohibit an agency from reporting a crime committed by a child with a disability to appropriate authorities or to prevent State law enforcement and judicial authorities from exercising their responsibilities with regard to the application of Federal and State law to crimes committed by a child with a disability.

"(B) An agency reporting a crime committed by a child with a disability shall ensure that copies of the special education and disciplinary records of the child are transmitted for consideration by the appropriate authorities to whom it reports the crime.

"(10) DEFINITIONS.—For purposes of this subsection, the following definitions apply:

"(A) CONTROLLED SUBSTANCE.—The term 'controlled substance' means a drug or other substance identified under schedules I, II, III, IV, or V in section 202(c) of the Controlled Substances Act (21 U.S.C. 812(c)).

"(B) ILLEGAL DRUG.—The term 'illegal drug'—

"(i) means a controlled substance; but

"(ii) does not include such a substance that is legally possessed or used under the supervision of a licensed health-care professional or that is legally possessed or used under any other authority under that Act or under any other provision of Federal law.

(I) a meeting convened as a result of an administrative hearing or judicial action; or

(II) an administrative hearing or judicial action for purposes of this paragraph.

### (E) Exception to prohibition on attorneys' fees and related costs

Notwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer.

### (F) Reduction in amount of attorneys' fees

Except as provided in subparagraph (G), whenever the court finds that--

(i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

(ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;

(iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or

(iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),

the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

### (G) Exception to reduction in amount of attorneys' fees

The provisions of subparagraph (F) shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section.

### (j) Maintenance of current educational placement

Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

### (k) Placement in alternative educational setting

(1) Authority of school personnel

(A) Case-by-case determination

School personnel may consider any unique circumstances on a case-by-case basis when determining whether to order a change in placement for a child with a disability who violates a code of student conduct.

(B) Authority

School personnel under this subsection may remove a child with a disability who violates a code of student conduct from their current placement to an appropriate interim alternative educational setting, another setting, or suspension, for not more than 10 school days (to the extent such alternatives are applied to children without disabilities).

(C) Additional authority

If school personnel seek to order a change in placement that would exceed 10 school days and the behavior that gave rise to the violation of the school code is determined not to be a manifestation of the child's disability pursuant to subparagraph (E), the relevant disciplinary procedures applicable to children without disabilities may be applied to the child in the same manner and for the same duration in which the procedures would be applied to children without disabilities, except as provided in section 1412(a)(1) of this title although it may be provided in an interim alternative educational setting.

(D) Services

A child with a disability who is removed from the child's current placement under subparagraph (G) (irrespective of whether the behavior is determined to be a manifestation of the child's disability) or subparagraph (C) shall--

   (i) continue to receive educational services, as provided in section 1412(a)(1) of this title, so as to enable the child to continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in the child's IEP; and

   (ii) receive, as appropriate, a functional behavioral assessment, behavioral intervention services and modifications, that are designed to address the behavior violation so that it does not recur.

(E) Manifestation determination

   (i) In general

   Except as provided in subparagraph (B), within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, the local educational agency, the parent, and relevant members of the IEP Team (as determined by the parent and the local educational agency) shall review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine--

(I) if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability; or

(II) if the conduct in question was the direct result of the local educational agency's failure to implement the IEP.

**(ii) Manifestation**

If the local educational agency, the parent, and relevant members of the IEP Team determine that either subclause (I) or (II) of clause (i) is applicable for the child, the conduct shall be determined to be a manifestation of the child's disability.

**(F) Determination that behavior was a manifestation**

If the local educational agency, the parent, and relevant members of the IEP Team make the determination that the conduct was a manifestation of the child's disability, the IEP Team shall--

(i) conduct a functional behavioral assessment, and implement a behavioral intervention plan for such child, provided that the local educational agency had not conducted such assessment prior to such determination before the behavior that resulted in a change in placement described in subparagraph (C) or (G);

(ii) in the situation where a behavioral intervention plan has been developed, review the behavioral intervention plan if the child already has such a behavioral intervention plan, and modify it, as necessary, to address the behavior; and

(iii) except as provided in subparagraph (G), return the child to the placement from which the child was removed, unless the parent and the local educational agency agree to a change of placement as part of the modification of the behavioral intervention plan.

**(G) Special circumstances**

School personnel may remove a student to an interim alternative educational setting for not more than 45 school days without regard to whether the behavior is determined to be a manifestation of the child's disability, in cases where a child--

(i) carries or possesses a weapon to or at school, on school premises, or to or at a school function under the jurisdiction of a State or local educational agency;

(ii) knowingly possesses or uses illegal drugs, or sells or solicits the sale of a controlled substance, while at school, on school premises, or at a school function under the jurisdiction of a State or local educational agency; or

(iii) has inflicted serious bodily injury upon another person while at school, on school premises, or at a school function under the jurisdiction of a State or local educational agency.

**(H) Notification**

Not later than the date on which the decision to take disciplinary action is made, the local educational agency shall notify the parents of that decision, and of all procedural safeguards accorded under this section.

**(2) Determination of setting**

The interim alternative educational setting in subparagraphs (C) and (G) of paragraph (1) shall be determined by the IEP Team.

**(3) Appeal**

**(A) In general**

The parent of a child with a disability who disagrees with any decision regarding placement, or the manifestation determination under this subsection, or a local educational agency that believes that maintaining the current placement of the child is substantially likely to result in injury to the child or to others, may request a hearing.

**(B) Authority of hearing officer**

**(i) In general**

A hearing officer shall hear, and make a determination regarding, an appeal requested under subparagraph (A).

**(ii) Change of placement order**

In making the determination under clause (i), the hearing officer may order a change in placement of a child with a disability. In such situations, the hearing officer may--

(I) return a child with a disability to the placement from which the child was removed; or

(II) order a change in placement of a child with a disability to an appropriate interim alternative educational setting for not more than 45 school days if the hearing officer determines that maintaining the current placement of such child is substantially likely to result in injury to the child or to others.

**(4) Placement during appeals**

When an appeal under paragraph (3) has been requested by either the parent or the local educational agency--

(A) the child shall remain in the interim alternative educational setting pending the decision of the hearing officer or until the expiration of the time period provided for in paragraph (1)(C), whichever occurs first, unless the parent and the State or local educational agency agree otherwise; and

(B) the State or local educational agency shall arrange for an expedited hearing, which shall occur within 20 school days of the date the hearing is requested and shall result in a determination within 10 school days after the hearing.

**(5) Protections for children not yet eligible for special education and related services**

**(A) In general**

A child who has not been determined to be eligible for special education and related services under this subchapter and who has engaged in behavior that violates a code of student conduct, may assert any of the protections provided for in this subchapter if the local educational agency had knowledge (as determined in accordance with this paragraph) that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.

**(B) Basis of knowledge**

A local educational agency shall be deemed to have knowledge that a child is a child with a disability if, before the behavior that precipitated the disciplinary action occurred--

(i) the parent of the child has expressed concern in writing to supervisory or administrative personnel of the appropriate educational agency, or a teacher of the child, that the child is in need of special education and related services;

(ii) the parent of the child has requested an evaluation of the child pursuant to section 1414(a)(1)(B) of this title; or

(iii) the teacher of the child, or other personnel of the local educational agency, has expressed specific concerns about a pattern of behavior demonstrated by the child, directly to the director of special education of such agency or to other supervisory personnel of the agency.

**(C) Exception**

A local educational agency shall not be deemed to have knowledge that the child is a child with a disability if the parent of the child has not allowed an evaluation of the child pursuant to section 1414 of this title or has refused services under this subchapter or the child has been evaluated and it was determined that the child was not a child with a disability under this subchapter.

**(D) Conditions that apply if no basis of knowledge**

(i) In general

If a local educational agency does not have knowledge that a child is a child with a disability (in accordance with subparagraph (B) or (C)) prior to taking disciplinary measures against the child, the child may be subjected to disciplinary measures applied to children without disabilities who engaged in comparable behaviors consistent with clause (ii).