UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SANFORD SCHOOL DEPARTMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00436-LEW |
| | ) | |
| MR. and MRS. DOE, as parents of John | ) | |
| Doe, a Minor, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO EXTEND TRO AND
FOR PRELIMINARY INJUNCTION**

The matter is before the Court on Plaintiff's Motion to Extend Temporary
Restraining Order, and for Preliminary Injunction (ECF No. 33).  On January 24, 2025, I
issued an Order on Motion for Temporary Restraining Order (ECF No. 24) in which I both
concluded that Plaintiff met the requirements for injunctive relief and authorized an
alternative interim school placement to remain in place pending an expedited hearing by a
state hearing officer on remand.  I entered the Order with the benefit of briefing by both
sides and oral argument.[1]

---

[1] Because Plaintiff did not file its initial Motion for Preliminary Injunction until shortly before the
hearing date on their Motion for TRO, despite two intervening temporary stays, I initially indicated
that we would proceed exclusively on the TRO request.  Because the parties were all present for
the TRO hearing and presented briefing and argument on what is exclusively a legal issue, it was
not clear to me that the relief I ordered would be subject to Rule 65(b)(2)'s 14-day expiration
provision.  The parties interpreted it that way, however, which is why the matter returns on
Plaintiff's request to extend the TRO or convert it to a preliminary injunction.

Defendants promptly filed an interlocutory appeal. (ECF No. 26). I then conducted a telephonic conference of counsel to determine whether the parties might agree that it makes sense to convert the TRO into a preliminary injunction, given that the issue presented in the complaint is exclusively a matter of law and there does not appear to be any utility in an evidentiary hearing to consider whether to convert the TRO into a preliminary injunction. *See HMG Prop. Inv'rs*, *Inc. v. Parque Indus. Rio Canas*, *Inc*., 847 F.2d 908, 915 (1st Cir. 1988). I also explained that such a ruling might facilitate review on appeal, as TROs typically are not reviewable on appeal. *See Almeida-Leon v. WM Capital Mgmt*., *Inc*., -- F.4th --, 2024 WL 2904077, at *4 (1st Cir. June 10, 2024). Plaintiff's counsel agreed that that approach would be sensible. Defendants' counsel indicated he would consider the matter but believed that appellate jurisdiction would exist regardless, citing *Doe v. Portland Public Schools*, 30 F.4th 85, 90 (1st Cir. 2022) ("Stay-put orders are appealable under the collateral order doctrine because the appeal conclusively determines the issue of the student's placement during litigation . . .").[2] I allowed the parties time to consider and confer, but as of the conclusion of the conference call, neither party had a good suggestion why an evidentiary hearing was needed or what evidence the intended to present. Furthermore, Defendants' counsel did not dispute my

---

[2] In *Portland Public Schools*, the First Circuit applied the collateral order doctrine because the stay put placement was deemed collateral to the merits of the student's "ultimate placement." 30 F.4th at 90. Here, the application of the stay put rule or the § 1415(k)(3) interim alternative placement is the sum and substance of the entire case. It is not a collateral issue. My decision to convert the TRO into a preliminary injunction is meant to facilitate access to 28 U.S.C. § 1292(a)(1), which gives courts of appeals jurisdiction of appeals from "[i]nterlocutory orders . . . granting . . . injunctions."

assertion that it did not appear an evidentiary hearing was needed.  His stated concern was to avoid giving up some right if he did not insist on a preliminary injunction hearing.

By email to my case manager, Defendants have indicated that they will not consent to any further extension of the TRO, presuming it must terminate within 14 days by operation of Rule 65(b)(2), although my Order specified that it would endure pending expedited proceedings before a hearing officer that may exceed the 14-day provision. Defendants also indicate that they intend to move for a stay of the injunctive relief I ordered pending appeal and to stay proceeding before the hearing officer on remand, citing Rule 8(a) of the Federal Rules of Appellate Procedure.  Their position is curious because they could obtain the placement they seek at the end of the expedited hearing and if they do not the child will be in the placement he otherwise would have had if the original hearing officer had not dismissed Plaintiff's administrative appeal.  Moreover, because there is a second and parallel due process hearing underway on the parents' appeal of an IEP Team decision to change the child's placement, a hearing officer will have authority in that context to uphold or reject the new placement, regardless of the outcome on the expedited proceedings concerning substantial likelihood of injury.

As to these varied concerns, I now rule as follows.  Because (1) it is not apparent after conferring with counsel that there is an evidentiary dispute in need of a preliminary injunction hearing, (2) I have already assessed the merits of what is a strictly legal question, (3) the same standard governs the award of a TRO and a preliminary injunction, and (4) it is most efficient to facilitate appellate review of the parties' legal dispute concerning the proper administration of  20 U.S.C. § 1415(k), I now convert the TRO into a preliminary

injunction.[3]   Accordingly, Plaintiff's Motion is GRANTED and the former TRO is converted into a preliminary injunction.  The interim alternative placement will remain in place pending an expedited administrative determination of Sanford's § 1415(k)(3)(A) due process appeal.


      SO ORDERED.

        Dated this 7th day of February, 2025

                  /s/ Lance E. Walker
                  Chief U.S. District Judge

---

[3] Having considered the merits carefully, I am not inclined to grant a motion for stay pending appeal or to issue an order that stays proceedings before the hearing officer.  For reasons stated in my Order on Motion for Temporary Restraining Order (ECF No. 24), it strikes me as self-evident that the expedited hearing should move forward expeditiously at the administrative level.